BP:jr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20271-Cr-MIDDLEBROOKS(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RODOLFO AENLLE,

    Defendant.
_____/



## PRELIMINARY ORDER AND JUDGMENT OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States for entry of a preliminary order and judgment of forfeiture. Being fully advised in the premises and based on the motion of the United States, the record in this matter, and for good cause shown thereby, the Court finds as follows with respect to forfeiture in this action as to defendant RODOLFO AENLLE (hereinafter referred to as "defendant"):

    1. In the Superseding Indictment in the above-styled case the government sought forfeiture of all property involved in the defendant's violation(s) of 18 U.S.C. §§ 287 or 1347, or a conspiracy to commit same, including:

> a money judgment in the amount of $125,251.84 which represents the gross proceeds of the fraud.

    2. On October 4, 2007, a jury returned a verdict of guilty against RODOLFO AENLLE on all counts as charged in the Superseding

Indictment and returned a special forfeiture verdict finding that the $125,251.84 constitutes or was derived, directly or indirectly, from gross proceeds traceable to the federal health care offenses for which the defendant was convicted.

Therefore, in consideration of the special forfeiture verdict, and upon motion of the United States and for good cause shown thereby, it is hereby,

ORDERED that:

1. All right, title and interest of defendant RODOLFO AENLLE in the following property is hereby forfeited to the United States of America pursuant to 18 U.S.C. § 982(a)(7):

> a money judgment in the amount of $125,251.84 which represents the gross proceeds of the fraud.

2. The United States Marshals Service, or any duly authorized law enforcement official, shall seize and take custody of the property identified herein above as forfeited under this order pursuant to 21 U.S.C. § 853(g).[1]

3. The United States shall cause to be published at least once, in a newspaper of general circulation, notice of this Order as required by 21 U.S.C. § 853(n)(6). The United States shall state in the notice that any person, other than the defendant, having or claiming a legal interest in the property ordered forfeited by this

---

[1] The procedures of 21 U.S.C. § 853, except for subsection (d), are incorporated by 18 U.S.C. § 982(b)(1).

order must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the notice that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property and shall set forth any additional facts supporting the petitioner's claim and the relief sought.

4. The United States shall provide, to the extent practicable, direct written notice to any person known to have an alleged interest in the property that is subject of the Order of Forfeiture, in addition to the published notice.

IT IS FURTHER ORDERED,

that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) in which all interests will be addressed. If no claims are filed within 30 days of the final publication or receipt of actual notice, whichever is earlier, then, pursuant to 21 U.S.C. § 853(n)(7), this Order shall be deemed a final order of forfeiture, and the United States Marshals Service, or any duly authorized law enforcement official, shall dispose of the property forfeited hereunder according to law.

DONE AND ORDERED at Miami, Florida this 21 day of November 2007.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: AUSA Barbara Papademetriou (3 certified copies)
    counsel of record

4